UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ebthag M. Doud,

                                                           14-cv-3403 (PAM/JSM)

              Plaintiff,

v.                                                             **ORDER**

First Student, Inc. and Durham
School Service, L.P.,

              Defendants.
_____

This matter is before the Court on Defendant First Student Inc.'s Motion to Dismiss. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Ebethag M. Doud worked for First Student, Inc. ("First Student") from approximately September 2001 to approximately June 2012. (Amd. Compl. ¶¶ 7, 34.) She initially worked as an aid, but she became a bus driver in September 2003. (Id. ¶ 7.) Sometime in 2004, Jared Reid became Doud's supervisor. (Id. ¶ 9.) Doud claims that Reid treated her differently than white bus drivers because she is Sudanese and a Muslim. (Id. ¶ 10.) Specifically, Doud alleges that in May 2005, Reid traded the bus Doud had been driving for an older bus that was in poor condition. (Id. ¶ 11.) Reid's explanation was that he was giving the newer bus to someone with more seniority, but Doud contends that First Student has no bona fide seniority system, and the newer bus was given to a white woman with less seniority than Doud. (Id. ¶¶ 12, 13.)

There were several maintenance issues with the older bus, primarily a broken heating/cooling system. (Id. ¶ 15.) In 2007, Doud requested to drive another bus, but her request was denied and the bus was given to a white driver. (Id. ¶ 13.) Doud says that she asked Reid why she was not given the bus she requested, and he cut her hours to punish her for "arguing" with him. (Id. ¶ 14.) Doud also claims that a coworker made discriminatory statements to her at work that were not addressed by management when she reported the incident, that she was harassed for wearing a religious headscarf, and that Reid mocked her over the bus radio system for being Muslim, but that Reid did not similarly harass white employees. (Id. ¶¶ 16-19.)

In February 2009, Doud filed an EEOC administrative charge of discrimination against First Student, alleging discrimination and retaliation. (Id. ¶ 32.) The EEOC determined that Doud's claims were unfounded, and sent Doud a right-to-sue letter dated February 16, 2010. (Pl. Opp. Mem. 5.) Doud says she did not learn about the right-to-sue letter until July 2014, when she inquired about the status of her charge with the EEOC. (Id. 4-5.)

Doud filed this action in September 2014, bringing claims for discrimination and retaliation[1] under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. First Student has moved to dismiss Doud's claims for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. According to First

---

[1] Doud has brought similar Title VII claims of race discrimination for failure to hire and reprisal against Durham School Service, L.P. ("Durham"); however, Durham is not involved in this motion.

Student, Doud filed a charge of discrimination against First Student in February 2009, and she lost her chance to bring a cause of action after May 20, 2010, the statutory deadline. Id. § 2000e-5(f)(1). Doud maintains that she never received a response from the EEOC, and that the EEOC's July 16, 2014, response to her inquiry was the first time she learned that the EEOC had issued her a right-to-sue notice years earlier. (Pl. Opp. Mem. 4-5.) The EEOC destroyed the file related to Doud's February 2009 charge in 2012. (Def. Supp. Mem. 3, n.1.)

**DISCUSSION**

A Title VII plaintiff may only bring an action in federal district court once she has unsuccessfully pursued certain avenues of potential administrative relief. 42 U.S.C. § 2000e-5; Love v. Pullman Co., 404 U.S. 522 (1972). A plaintiff has fulfilled the statutory prerequisites once she has (1) filed a charge with the EEOC, and (2) received and acted on the EEOC's right-to-sue notice by bringing suit within 90 days of receiving the notice. 42 U.S.C. § 2000e-5. First Student asserts that Doud filed a 2009 charge of discrimination, and that she received a right-to-sue notice in 2010. In the absence of other evidence, courts presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it. See Fed.R.Civ.P. Rule 6(e). Even assuming Doud did not receive the right-to-sue letter, she had four years to follow up with the EEOC, but did not do so until she began pursuing administrative remedies against Defendant Durham for similar allegations. Doud has not exhausted her administrative remedies because her claims here are not subject to the 2009 charge. Alternatively, Doud has exhausted her

3

administrative remedies but has failed to inquire about the EEOC's decision on her charge of discrimination years ago, and therefore failed to file a lawsuit within the statutory 90-day period. In either case, this Court lacks jurisdiction over her claims against First Student.

First Student also argues that the Court should not toll the statutory limitations period to allow Doud to pursue her untimely claim. Equitable tolling is not available unless the "circumstances that cause a plaintiff to miss a filing deadline are out of his hands." Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir.1990). Further, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984). Baldwin suggests that equitable tolling is appropriate where: (1) a claimant has received inadequate notice; (2) a motion for appointment of counsel is pending; (3) the court has led the plaintiff to believe that he or she has done everything required of him or her; or (4) affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. 466 U.S. at 151. None of those circumstances are present\ here. Additionally, because Doud waited for more than four years before checking the status of her charge with the EEOC, she failed to exercise diligence in pursuing her claims. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin, 466 U.S. at 151. Unfortunately for Ms. Doud, the limitations period cannot be tolled.

Accordingly, **IT IS HEREBY ORDERED** that Defendant First Student's Motion to Dismiss (Docket No. 20) is **GRANTED**. Plaintiff's claims against First Student are therefore **DISMISSED with prejudice** and without costs or attorney's fees to any party.


Dated:  January 28, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
