UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ebtehag Doud,

      Plaintiff,

v.

Durham School Service, L.P.,

      Defendant.

Case No. 14-cv-3403 (PAM/HB)

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Durham School Service, L.P.'s ("Durham") Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

On February 27, 2015, Plaintiff Ebtehag Doud, proceeding pro se, filed an Amended Complaint against Defendants Durham and First Student Inc.[1] alleging that these employers discriminated against her on the basis of her race, national origin, and religion. (Am. Compl. (Docket No. 11) at 1.) Durham answered the Amended Complaint, denied the allegations, and proceeded to discovery.

Doud failed to cooperate with discovery in three ways. First, she did not serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a). Instead, Doud sent Durham a number of documents including a handwritten letter from her seeking to postpone discussion of a settlement dollar figure, a copy of a letter to "His Higness Prince Walid Bin Tilal" requesting his assistance with this case, and a copy of a police report

---

[1] On January 28, 2016, the Court dismissed Doud's claims against First Student because she had failed to exhaust her administrative remedies. (Order (Docket No. 61) at 3.)

from the Bloomington Police Department indicating that Doud spoke to an officer about a device her employer had implanted in her brain. (Def.'s Supp. Mem. (Docket No. 106-6) Ex. 4.) Second, Doud failed to respond to Durham's discovery requests. Instead, she sent an email to Durham's counsel on June 13, 2016, stating that "all answers for the questions you requested as well as the supporting documents have been provided to you previously by my former attorney Adam Gillette. You should have them in your files. Please refer to them." (Def.'s Supp. Mem. (Docket No. 106-8) Ex. 6.) Durham, however, never received any documents from Doud's former counsel. Third, during her first deposition, Doud repeatedly refused to answer Durham's counsel's questions, interrupted Durham's counsel on several occasions, and frequently alternated between Arabic and English. (Def.'s Supp. Mem. (Docket No. 106-12) Ex. 10.)

Based on Doud's failure to cooperate, Durham filed a motion to compel discovery. Magistrate Judge Janie S. Mayeron granted Durham's motion and ordered Doud to provide written responses to Durham's first set of interrogatories, respond to Durham's first request for production of documents, and cooperate at a second deposition. (Order (Docket No. 95) at 1-2.) Judge Mayeron further warned that if Doud failed to comply with these orders, "Durham may return to this Court for further relief including dismissal of this lawsuit as sanctions for failing to comply with this Order." (Id. at 3.)

Doud failed to comply with Judge Mayeron's Order. She provided incomplete written responses to Durham's first set of interrogatories. For example, in response to Durham's request for the full names, addresses, and contact information for persons who may have information related to this case, Doud provided Durham with an answer that

only included first names and generic job titles for several individuals. (See Def.'s Supp. Mem. (Docket No. 106-15) Ex. 13.) Durham requested that Doud supplement her responses, but Doud merely responded with the same previous answers, along with a number of irrelevant documents. (Def.'s Supp. Mem. (Docket Nos. 106-17, -18, -19, -20) Ex. 15, 16, 17, 18.) Doud also failed to respond to Durham's request for production of documents. Instead, she sent Durham a packet of documents related to her son's school and work, a court document related to her custody battle, a car title, and an incomplete bank statement, among other things. (Def.'s Supp. Mem. (Docket No. 106-21) Ex. 19.) None of the documents Doud produced were responsive to Durham's requests. Finally, Doud again refused to meaningfully participate in her deposition. (Def.'s Supp. Mem. (Docket No. 106-24) Ex. 22.)

Based on Doud's failure to comply with Judge Mayeron's Order, Durham filed this Motion to Dismiss, and also seeks attorney's fees for Doud's bad-faith refusal to cooperate with discovery. Doud failed to respond to Durham's Motion. Instead, she sent Durham's counsel two separate handwritten letters accusing Durham of providing a "false item" and stating that, "I have court with you guys and you guys have refused to do court . . . You should immediately do court." (Def.'s Reply Mem. (Docket No. 111) Exs. A and B.) Pursuant to D. Minn. LR 7.1(g)(1), the Court cancelled the hearing on Durham's Motion and considered the matter submitted without oral argument.

**DISCUSSION**

The Federal Rules of Civil Procedure allow a court to dismiss an action for discovery violations. If a party fails to obey an order to provide discovery, the Court may dismiss the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). If a party fails to provide information or identify a witness pursuant to Rule 26(a), dismissal may also be appropriate. Fed. R. Civ. P. 37(c)(1)(C). Finally, a court may dismiss an action when a party fails to fully answer interrogatories under Rule 33 or fails to produce documents under Rule 34. Fed. R. Civ. P 37(d)(1)(A)(ii), (d)(3). Dismissal as a discovery sanction is available "only if there is (1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice." Comstock v. UPS Ground Freight, Inc., 775 F.3d 990, 992 (8th Cir. 2014) (citation and quotations omitted). But before dismissing a case under Rule 37, "the court must investigate whether a sanction less extreme than dismissal would suffice, unless the party's failure was deliberate or in bad faith." Id. (emphasis in original).

All of the elements necessary for dismissal exist here. Judge Mayeron's order compelled Doud to engage in discovery. Doud willfully violated Judge Mayeron's order in multiples ways, the most egregious of which was her refusal to answer questions at her deposition. And these willful violations prejudiced Durham. See id. (finding a party prejudiced when it was unable to conduct a deposition). Moreover, the Court is not required to investigate whether a sanction less extreme than dismissal would suffice because Doud's failure was deliberate. The Court need not look any further than Doud's statement at her hearing with Judge Mayeron that she is "not going to answer for

[Durham's counsel] anymore.  I'm not going to do for question."  (Def.'s Supp. Mem. Ex. 12 (Docket No. 106-14) at 23.)  Dismissal is therefore appropriate.

Finally, Durham requests that the Court award it attorney's fees as an additional sanction for Doud's discovery violations.  A court has discretion to award attorney's fees under Rules 30 and 37 for discovery violations.  Because Doud is pro se, an additional sanction of attorney's fees is inappropriate.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that**:

1. Durham's Motion to Dismiss (Docket No. 103) is **GRANTED**;

2. Durham's Motion for Extension (Docket No. 107) is **DENIED as moot**;

3. Doud's Amended Complaint (Docket No. 11) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 9, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge